**D. L. INGRAM and Edwin H. Ingram, dba Ingram Bros. Oil Co., Plaintiffs,**

v.

**PHILLIPS PETROLEUM COMPANY, Continental Oil Company, Gulf Oil Corporation, California Oil Company, dba Standard Oil Company of Texas, Socony Mobil Oil Company, Inc., Shell Oil Company, Texaco, Inc., and Humble Oil & Refining Company, Defendants.**

Civ. A. No. 6167.

United States District Court
D. New Mexico.

April 7, 1966.

Blythe & Norvell, Dee C. Blythe, Clovis, N. M., and Rowley, Davis, Hammond & Murphy, Richard F. Rowley, Clovis, N. M., for plaintiffs.

Iden & Johnson, James T. Paulantis, and J. J. Monroe, Albuquerque, N. M., and Lewis J. Ottaviani, Bartlesville, Okl., of counsel, for defendant Phillips Petroleum Co.

Rodey, Dickason, Sloan, Akin & Robb, W. A. Sloan, Albuquerque, N. M., and A. T. Smith, and Charles R. Roberts, Denver, Colo., for defendant Continental Oil Co.

David A. Leggett, and W. B. Edwards, Houston, Tex., and William V. Kastler, Roswell, N. M., for defendant Gulf Oil Corp.

John B. Tittmann, Albuquerque, N. M., for defendant California Oil Co., dba Standard Oil Company of Texas.

E. Gray Hayden, Dallas, Tex., for defendant Socony Mobil Oil Co., Inc.

Seth, Montgomery, Federici & Andrews, William Federici, Santa Fe, N. M., and Paul R. Teetor, New York City, of counsel, for defendant Shell Oil Co.

James O. Sullivan, New York City, for defendant Texaco, Inc.

Hinkle, Bondurant & Christy, Harold L. Hensley, Jr., Roswell, N. M., and Dillard W. Baker, Houston, Tex., for defendant Humble Oil & Refining Co.

WILLIAM E. DOYLE, District Judge.

Several of the defendants herein have moved for summary judgment. The motion is based on depositions, interrogatories, affidavits and admissions. The case arises under the anti-trust laws of

the United States and New Mexico. The sections of the laws of the United States which are invoked are Section 2 of the Clayton Act, as amended by the Robinson Patman Act, 15 U.S.C.A. § 13; Sections 4 and 16 of the Clayton Act, 15 U.S.C.A. §§ 15 and 26; Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1 and 2; 49–1–1 through 49–1–3 and 49–11–1 through 49–11–9 of the New Mexico Statutes Annotated.

The first claim alleges unlawful price discrimination. Plaintiffs, according to the complaint, are engaged in " * * * purchasing, transporting and marketing gasoline products and related items in the State of New Mexico, as jobbers for the defendant Phillips Petroleum Company in a territory consisting primarily of Curry County and a portion of Quay County, New Mexico." Plaintiffs also allege that they make bulk retail sales to farmers, and that they are in direct competition with jobbers, distributors, consignees, and to some extent with service stations in the area. Part of the claim against Phillips is that it has sold gasoline to jobbers in Parmer County, Texas, at prices lower than it has exacted from plaintiffs, and at prices lower than exacted by "defendant for products of like grade and quality elsewhere in the United States." Allegations against the other defendants are that during the period from March 1, 1965, to May 10, 1965, the date of the filing of the action, they have sold or offered to sell gasoline at wholesale to competitors and retail customers of the plaintiffs at prices lower than prices exacted by the defendants for products of like grade and quality elsewhere in the United States. "Such variations in prices * * * constitute price discriminations and the effect * * * may be substantially to lessen competition and to tend to create a monopoly * * *, and to injure, destroy and prevent competition by plaintiffs with customers of the defendants and with customers of persons receiving the benefit of such discriminations." We thus have charges of both "first line" and "second line" injuries to competition.

The conspiracy count alleges that the acts complained of in the discriminatory practice count were pursuant to a combination and conspiracy in restraint of trade, the object and purpose of which was to secure a monopoly in the lines of trade and commerce involved in the action. It is alleged that "This conspiracy has been accomplished by agreements and understandings among the defendants to fix the prices of gasoline in the area involved."

The "State Law Violations" which are set forth in Count III rely on the conduct described in Count I. It is alleged that defendants' acts constitute violations of the state statutes also.

The relief sought is injunction against imminent harm from defendants' practices and policies.

Defendants California Oil Co. (Standard of Texas), Gulf, Humble, Phillips, Shell and Texaco have moved for summary judgment on the basis that on the facts revealed no violation is shown and no genuine issue of fact as to any material matter exists.

D. L. and E. H. Ingram, doing business as Ingram Brothers Oil Company, hereinafter Ingram, is a jobber for Phillips. Ingram does business primarily in Curry and Quay Counties, New Mexico. At the wholesale level it services eight service stations in Clovis, New Mexico, one truck stop three miles east of Clovis, a service station in Broadview, New Mexico, and a service station in Hollene, New Mexico. D. L. Ingram stated in his deposition that these eleven customers purchased from Ingram on a consignment basis, which means the gasoline is owned by Ingram until delivered to the retail customer. Ingram also sells directly to several bulk consumers, one of whom is serviced at two points located in Texas, just across the New Mexico-Texas border.

In moving for summary judgment all six defendants contend that plaintiffs have as yet suffered no harm from the alleged price discrimination, pointing out that Ingram's sales increased by some six per cent during the period in question in

comparison with the same period in 1964. They argue that the record shows no evidence of anti-competitive effects. As no predatory intent is alleged, they urge dismissal of the first claim.

On the second count these defendants allege that there is no evidence of conspiracy other than plaintiffs' speculation, as revealed by the deposition of D. L. Ingram. Numerous affidavits from defendants' employees state that all pricing policy decisions adopted during the period in question resulted from independent analysis of the market and of pricing policies of competitors. D. L. Ingram stated in his deposition that the allegation of conspiracy is based solely on the fact that prices were reduced at approximately the same time in the Texas segment of the market.

Regarding the third count, these defendants contend that under the New Mexico statutes relied upon actual, as opposed to probable, anti-competitive effects must be established. They also point out that the statutes in question apply only to intrastate trade.

Each of the six defendants has filed a supplemental memorandum supporting its particular position. In its memo Texaco argues that under its distribution system its consignees are mere agents and therefore neither "purchasers" under the applicable provisions of the Clayton Act nor parties to any "sales" which could be found anti-competitive with regard to plaintiffs. It also argues that even if the distribution arrangement be deemed within the ambit of the Clayton Act's prohibitions, affidavits of Texaco employees stating no attempts were made to solicit Ingram's customers conclusively refute any allegation of predatory intent. It is Texaco's position that such intent is a necessary element under the statutes involved. As Texaco instituted a nation-wide price increase during the period in question, and was never the first to reduce prices, it urges that no conspiracy to monopolize or restrain competition can possibly be shown on its part. It also contends that, contrary to allegations in the complaint, prices are generally lower in Clovis, New Mexico, than in the two Texas counties.

Humble argues that D. L. Ingram's deposition shows there is no competition between Ingram and Humble in the area involved. However, it further states that two or three former Humble accounts had transferred to Ingram. It also contends that none of its New Mexico agents ever solicited trade from Ingram's customers, that its retail service stations in Clovis cannot be deemed in competition with Ingram at the wholesale level, and that as an independent jobber in Farwell, Texas, to whom Humble sells does not operate in New Mexico, that jobber does not compete with Ingram. Humble argues that its affidavits demonstrate an absence of any conspiracy in making price reductions.

California (Standard of Texas) argues that the facts "testified to" by D. L. Ingram in his deposition reveal that the only competition from Standard relates to a truck stop in Texico, New Mexico; that there is nothing more than speculation to support plaintiffs' claim of alleged competitive advantages of California competitors; and that there is no evidence to prove either price discrimination or a conspiracy to monopolize trade on Standard's part. California repeatedly argues that the allegations of lower Texas prices for the purpose of tempting Ingram's Clovis customers are insufficient to support plaintiffs' claims.

Gulf contends that the western Texas and eastern New Mexico regions involved herein are separate market areas, and that therefore Gulf operators in Texas cannot be deemed competitors of Ingram. Gulf also argues that Ingram has suffered no harm and has failed to discover any evidence beyond mere speculation of conspiracy to monopolize in restraint of trade.

Phillips relies primarily upon the joint memorandum filed by all six defendants, but urges in regard to alleged secondary-line injury under the Robinson-Patman Act that the Texas and New Mexico regions involved are separate markets; that though Clovis in Curry County, New

Mexico, and towns in Parmer County, Texas, are not far distant from one another, the state line operates to separate the markets.

Shell also urges that Texas and New Mexico constitute separate markets. But Shell has more to offer than this. It urges that its method of distribution, its action during the alleged price reductions and its location within the alleged market area remove it from any possibility of liability to Ingram under the complaint. It is true that the uncontradicted evidence shows that Shell distributes solely through jobbers throughout the Texas area, and its closest jobber to Ingram is in Hereford, Texas, some 54 miles from Clovis, New Mexico. In his deposition D. L. Ingram conceded that because of its geographical location this Shell jobber did not compete with Ingram. It is also established by uncontradicted affidavits that, unlike other defendants, Shell leaves jobber-level competition strictly to the jobbers. When the alleged reductions were made in West Texas, Shell absorbed the entire loss and made uniform reductions to all its jobbers, thus permitting the jobbers to retain their normal profit margins and gaining the public gratitude of the Texas Oil Jobbers Association. Shell contends that on these facts neither price discrimination nor conspiracy to monopolize trade with respect to Ingram can be proved on Shell's part.

■■ The remedy of summary judgment is of course appropriate in anti-trust as well as in other types of actions. However, the evidence at the summary judgment stage is often vague and the issues are too often so ill defined as to make summary judgment impractical. In each case the test for its application must be satisfied, namely, whether there is any dispute as to material facts. Basic to the motions of these six defendants to dismiss the price discrimination claims are the arguments that Texas and New Mexico distributors do not compete and that plaintiffs have suffered no harm in that Ingram gained business during the period in question.

■ There is clearly a dispute of fact regarding the competitive market involved in this action. Plaintiffs maintain Texas distributors compete with their Clovis operations. In an affidavit D. L. Ingram avers that immediately after the filing of this suit defendants ceased attempting to solicit Ingram's customers, but that after January 1, 1966, they again began such solicitation. Such fact, if true, not only suggests that the state-line boundary does not mark off two distinct competitive areas, but also reveals a dispute of fact over the question of injury. As plaintiffs primarily seek injunctive relief for anticipated harm, the question of actual damage is of relative minor concern. In any event the mere fact that a plaintiff has not suffered severe monetary injury does not serve to bar him from enforcing rights granted by the anti-trust laws. See Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927); Mechanical Contractors Bid Depository v. Christiansen, 10th Cir. 1965, 352 F.2d 817. Furthermore, there is a dispute as to whether a first-line injury has been suffered by plaintiffs as a result of sales by defendants within the Clovis area.

■ We must conclude from a study of the evidentiary material presented that the evidence in support of conspiracy is less than strong. The statements in the deposition of D. L. Ingram to the effect that he suspected concerted action because price reductions occurred about the same time is the sum total of plaintiffs' showing. As defendants point out, similarity of business practice, or parallelism, is not invariably indicative of a conspiracy to monopolize in restraint of trade. See Theatre Enterprises, Inc. v. Paramount Film Distribution Corp., 346 U.S. 537, 74 S.Ct. 257, 98 L.Ed. 273 (1954). However, such behavior may, even without previous agreement, be found to violate the anti-trust laws. See Bigelow v. RKO Radio Pictures, 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652 (1946). Nor need there be simultaneous action or agreement

to constitute an unlawful conspiracy. See William Goldman Theatres v. Loew's Inc., 3rd Cir. 1945, 150 F.2d 738. There need be no express agreement, written or otherwise, and intent to conspire is not necessary if unlawful restraint of trade results from improper conduct. See Esco Corp. v. United States, 9th Cir. 1965, 340 F.2d 1000; Spears Free Clinic and Hospital for Poor Children v. Cleere, 10th Cir. 1952, 197 F.2d 125. In light of the liberality allowed in the proof of a claim of conspiracy under the anti-trust laws, in view of the fact that such proof is invariably difficult to uncover by a private litigant, the award of summary judgment on the conspiracy count in this case must be denied. A trial will afford to plaintiffs a better opportunity to establish the contention that the defendants' conduct is a part of a conspiracy on their part.

Assuming, arguendo, that the New Mexico statutes involved apply only to intra-state commerce, D. L. Ingram's affidavit accompanying plaintiffs' opposition to the motions to dismiss avers that plaintiffs complain of unfair competition within New Mexico as well as between New Mexico and Texas distributors. As pointed out above, the mere fact that Ingram's volume has increased does not negate the possibility of actual harm. Thus, the motions to dismiss the third count must at this juncture also be denied.

It is to be noted that the issue of competition involves questions of geographic proximity and marketing practices. Defendant Shell points out that it has distributed entirely through jobbers, and that the company itself absorbed any loss as a result of price reductions during the period in question. In other words, all Shell jobbers retained the same profit margin before and after the alleged price discrimination. But more important than this, D. L. Ingram deposed that the nearest Shell jobber to Ingram, in Hereford, Texas, was too distant geographically to be considered in competition with Ingram. Thus, plaintiffs have themselves negated any

possibility of establishing a competitive relationship with Shell under either the United States or New Mexico anti-trust laws. In addition, Shell's pricing policies, different from the policies of the other defendants, are inconsistent with plaintiffs' conspiracy count which basically alleges *selective* price reductions to monopolize the gasoline distributors market. In the absence of any basis for allegations of competition or conspiracy on the part of Shell, the claims against this defendant must be dismissed.

Texaco's averment of a general price increase during the period in question does not refute the charges relating to conduct in this particular area.

For the reasons stated, it is ordered, that the motion of Shell Oil Company for summary judgment be, and the same hereby is, granted. It is further ordered, that the motions for summary judgment of defendants Texaco, Humble, California (Standard), Gulf and Phillips be, and the same hereby are, denied. Defendants may, of course, renew their motions at any appropriate stage of subsequent proceedings.